THE LAW OFFICE OF BRANDEN T. NAKAHARA

BRANDEN T. NAKAHARA      11579
98-1238 Kaahumanu Street, Suite 405
Pearl City, HI 96782
(808) 673-0742
branden@nakaharalawoffice.com

Attorney for Plaintiff
MICHAEL L. MCCLAIN

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-24-0000905**
**09-JUL-2024**
**10:21 AM**
**Dkt. 2 CMP**

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| MICHAEL L. MCCLAIN, | ) Civil No. |
| | ) (Other Civil Action) |
| Plaintiff, | ) |
| | ) COMPLAINT |
| vs. | ) |
| | ) |
| LYNNAE L.L. LEE, PERSONAL REPRESENTATIVE OF THE ESTATE OF RICHARD YIN SUNG LEE, ALSO KNOWN AS RICHARD Y.S. LEE AND RICHARD LEE, | ) ) ) Judge: Presiding ) ) |
| | ) |
| Defendants. | ) |
| | ) |

COMPLAINT

Comes now Plaintiff MICHAEL L. MCCLAIN ("Plaintiff"), by and through his attorney, Branden T. Nakahara, for his causes of actions against Defendant LYNNAE L.L. LEE, PERSONAL REPRESENTATIVE OF THE ESTATE OF RICHARD YIN SUNG LEE, ALSO KNOWN AS RICHARD Y.S. LEE AND RICHARD LEE ("Defendant"), and alleges and avers as follows:

THE PARTIES

1. Plaintiff is currently a resident of Loxahatchee, Florida.

2. At all other relevant times herein, Plaintiff was a resident of Honolulu, Hawaii.

3. Upon information and belief, Defendant is a resident of Honolulu, Hawaii.

## JURISDICTION

4. This Court has subject matter jurisdiction over this matter pursuant to Hawaii Revised Statutes ("HRS") §§ 507D-4, 603-21.5(a), 632-1, and 669-1(a).

5. Venue for this matter is proper in this judicial circuit because the subject real property is located in this judicial circuit.

6. This court has personal jurisdiction over Defendant under HRS § 634-35(a)(1).

## BACKGROUND

7. On or about December 7, 1998, Plaintiff entered into an Attorney-Client Fee Arrangement ("Fee Arrangement") with Richard Lee to represent Plaintiff in a divorce/custody matter in the Family Court of the First Circuit Court, State of Hawaii.

8. On or about March 27, 1999, Plaintiff executed and delivered to Richard Lee a Client Authorization to Apply Proceeds of Settlement Agreement to Attorney's Fees and Costs.

9. On or about August 15, 2000, Richard Lee filed a Notice of Attorney's Lien for Fees and Costs; Exhibits "1" and "2"; Certificate of Service ("Lien") under FC-D No. 98-4376 in the Family Court of the First Circuit, State of Hawaii ("Divorce Matter").

10. On or about August 16, 2000, Richard Lee recorded the Lien in the Bureau of Conveyances of the State of Hawaii as Document No. 2000-113899.

11. On or about August 11, 2003, Plaintiff and Richard Lee subsequently participated in binding arbitration.

12. On or about October 20, 2003, a Final Award was entered pursuant to the binding arbitration hearing.

13. Upon information and belief, a motion was never submitted to court to confirm the Final Award.

14. Upon information and belief, Richard Lee died on January 17, 2018.

15. On or about August 7, 2018, Plaintiff became the sole owner of the real property located at 25-197 Pukana La Street, Hilo, HI 96720 (TMK: (3) 2-5-042-086-0000) ("Property").

16. Upon information and belief, Lynnae L.L. Lee was appointed as the Personal Representative of the Estate of Richard Yin Sung Lee, also known as Richard Y.S. Lee and Richard Lee in P. No. 1CLP-22-0000232 in the Circuit Court of the First Circuit, State of Hawaii.

## COUNT I: QUIET TITLE

17. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 herein.

18. Defendant's Lien encumbers Plaintiff's Property and is preventing him from full enjoyment and use of his Property.

19. Defendant's Lien acts to claim an interest in Plaintiff's Property.

20. Therefore, Plaintiff requests this Court for an order and judgment determining that he is the fee simple owner of the Property, that his ownership in the Property is free and clear of Defendant's Lien, and that the Lien is now invalid, void and/or unenforceable against Plaintiff and/or his Property.

21. Plaintiff also requests for an order and judgment expunging the Lien against the Property.

## COUNT II: DECLARATORY RELIEF

3

22. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 herein.

23. The dispute between Plaintiff and Defendant regarding the validity and enforceability of the Lien presents an actual controversy between the parties.

24. Such dispute will likely render imminent and inevitable litigation pertaining to the validity and enforceability of the Lien.

25. A declaratory judgment will then serve to terminate the uncertainty or controversy of this foregoing action.

26. The Fee Arrangement was entered between Plaintiff and Richard Lee on December 7, 1998, and the Binding Arbitration hearing took place on August 11, 2003.

27. HRS § 658A-3(b) states:

> This chapter governs an agreement to arbitrate made before July 1, 2002, if all the parties to the agreement or to the arbitration proceeding so agree in a record. If the parties to the agreement or to the arbitration do not so agree in a record, an agreement to arbitrate that is made before July 1, 2002, shall be governed by the law specified in the agreement to arbitrate or, if none is specified, by the state law in effect on the date when the arbitration began or on June 30, 2002, whichever first occurred.

HRS § 658A-3 (2002).

28. Since the Fee Arrangement was entered prior to July 1, 2002, and record is not clear that the parties agreed to have HRS Chapter 658A apply to their arbitration proceedings, HRS Chapter 658 applies. See United Pub. Workers, AFSCME, Local 646 v. Dawson Int'l, Inc., 113 Hawaiʻi 127, 149 P.3d 495 (2006).

29. Furthermore, since the Final Award was never confirmed by the appropriate court, HRS § 657-1(1) is the applicable statute of limitations for the enforcement of the Final Award. See Krystoff v. Kalama Land Co., 88 Hawaiʻi 209, 965 P.2d 142 (App. 1998).

4

30. Under HRS § 657-1(1), enforcement of the Lien pursuant to the Final Award was to be commences six (6) years from October 6, 2003, being October 7, 2009.

31. No action to enforce the Lien and/or the Final Award was ever taken by Richard Lee or Defendant within the applicable statute of limitations period.

32. Therefore, Plaintiff requests this Court for declaration stating that:

   a. Plaintiff is the fee simple owner of the Property;

   b. Plaintiff's ownership in the Property is free and clear of Defendant's Lien; and

   c. The Lien is now invalid, void and unenforceable against Plaintiff and/or his Property.

33. Plaintiff also requests for a declaration expunging the Lien against the Property.

## COUNT III: RELIEF UNDER
## HAWAII REVISED STATUTES CHAPTER 507D

34. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 33 herein.

35. The Lien is a "nonconsensual common law lien" as defined in HRS § 507D-2.

36. The Lien is an encumbrance on Plaintiff's Property affecting his right, title, and interest in the Property.

37. The Lien is frivolous without any basis in law or fact.

38. Therefore, Plaintiff request this Court for all statutory remedies under HRS Chapter 507D, including without limitation the following:

   a. a declaration that the Lien is unenforceable against Plaintiff and the Property;

   b. an order directing the registrar of the Land Court and/or Bureau of Conveyances to expunge the Lien; and

    c. an order that Plaintiff be awarded costs of suit, reasonable attorneys' fees, and either actual damages or $5,000, whichever is greater.

WHEREFORE, Plaintiff prays for relief as follows:

1. For judgment in his favor and against Defendant;

2. For an award of special, compensatory, general, punitive, and/or other damages in amounts to be proven at trial;

3. For an order, judgment, determination, and/or declaration by this Court that:

    a. Plaintiff is the fee simple owner of the Property;

    b. Plaintiff's ownership in the Property is free and clear of Defendant's Lien; and

    c. the Lien is now invalid, void and unenforceable against Plaintiff and/or his Property;

4. For an order and judgment expunging the Lien as a lien against Plaintiff and/or the Property;

5. For all statutory remedies under HRS Chapter 507D, including without limitation the following:

    a. a declaration that the Lien is unenforceable against Plaintiff and the Property;

    b. an order directing the registrar of the Land Court and/or Bureau of Conveyances to expunge the Lien; and

    c. an order that Plaintiff be awarded costs of suit, reasonable attorneys' fees, and either actual damages or $5,000, whichever is greater.

6. For an award of attorney's fees and costs against Defendant; and

7. For such other and further relief as deemed just and proper by this Court.

DATED:   Pearl City, Hawaii, July 9, 2024.

                                              /s/ Branden T. Nakahara
                                              BRANDEN T. NAKAHARA
                                              Attorney for MICHAEL L. MCCLAIN